IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION                2009 OCT 23 AM 11:29

UNITED STATES OF AMERICA,

v.                                   CASE NO.: CR209-07

PETER L. WASHINGTON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Peter Washington ("Defendant") has been indicted for assaulting a federal correctional officer, in violation of 18 U.S.C. § 111. Defendant filed a Motion for Psychiatric Examination, which the undersigned granted by Order dated April 8, 2009. Dr. Rodolfo Buigas with the Bureau of Prisons examined Defendant to determine whether Defendant is competent to stand trial and whether Defendant understood the nature and quality of his alleged crime and could differentiate between right and wrong at the time of his alleged criminal conduct. The undersigned conducted a hearing on August 25, 2009, at which Dr. Buigas testified. Defendant's counsel moved at this hearing to have Defendant examined by an independent evaluator. By Order dated August 27, 2009, the undersigned directed Dr. Robert Holland to examine Defendant to determine Defendant's competency to stand trial and whether Defendant was capable of understanding right from wrong during his alleged actions.

In Dusky v. United States, 362 U.S. 402 (1960), the Supreme Court set forth the test to determine whether a defendant is competent to stand trial. This two-pronged test

has been followed in the Eleventh Circuit on several occasions. See, e.g., Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1256 (11th Cir. 2002). Specifically, the Eleventh Circuit stated in Wright, "the standard for mental competency to stand trial is 'whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding- and whether he has a rational as well as factual understanding of the proceedings against him.'" Wright, 278 F. 3d at 1256 (quoting Dusky, 362 U.S. at 402).

In his report, Dr. Buigas stated that Defendant "verbalized a reasonable means of assisting his attorney towards his own defense." (Doc. No. 29, p. 13). Dr. Buigas also stated that Plaintiff's "extensive criminal history" "suggest[s] a greater understanding of basic legal knowledge than he is endorsing[ ]" and that Defendant had no active mental illness which "would interfere with an understanding of the legal process or ability to assist in his defense." (Id.). Dr. Buigas' testimony at the competency hearing was consistent with his report. Dr. Holland found that Defendant does not have any mental disease or defect, that he should be able to assist his attorney properly in his defense, and that he should be able to appreciate the nature and consequences of the proceedings against him. (Doc. No. 34, p. 4).

The findings of Dr. Buigas and Dr. Holland are accepted as credible, particularly in light of the absence of any evidence to the contrary. Defendant should be found competent to stand trial in this case.

Likewise, Dr. Buigas and Dr. Holland determined that Defendant did not suffer from a mental disorder that interfered with his appreciation of the nature and quality or wrongfulness of his actions on October 29, 2008, the date on which the charged offense

is alleged to have occurred. There is no evidence to contradict these determinations, and these determinations are accepted as credible.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Peter Washington be found competent to stand trial. It is also my **RECOMMENDATION** that it be found that Defendant Peter Washington was in possession of his mental faculties to distinguish between right and wrong and was able to comprehend the nature and quality of the acts for which he is charged.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE